IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.                              Case No. 4:14-cr-00138-05 KGB

LARRY DEAN SILAS                                                                       DEFENDANT

## ORDER

Defendant Larry Dean Silas has filed a *pro se* motion for early termination of supervised release (Dkt. No. 323).  The government has responded in opposition (Dkt. No. 327).

Mr. Silas plead guilty to a charge of possession with intent to distribute and distribution of more than 50 grams of methamphetamine actual in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) (Dkt. Nos. 292–93).  On November 13, 2018, the Court sentenced Mr. Silas to 96 months of imprisonment, three years supervised release, and a $100 special assessment (Dkt. Nos. 301–04).  Mr. Silas started his supervision on June 17, 2022 (Dkt. Nos. 323; 327).

In support of his motion, Mr. Silas claims that he has completed at least 18 months of supervision, secured employment, established a stable home, and gained custody of one of his children.  He also has had no violations of the conditions of his supervised release, based on information before the Court.  In response, the government argues that Mr. Silas has not set forth any new or exceptional circumstances to justify early termination of supervised release.

Pursuant to 18 U.S.C. § 3583(e), the Court may terminate a term of supervised release where, after consideration of both the Federal Rules of Criminal Procedure and the specific, enumerated factors of 18 U.S.C. § 3553(a) that the Court is permitted to consider, the Court concludes that such action is warranted by the conduct of the defendant and is in the interest of justice.  As he has served more than one year of supervised release, Mr. Silas is eligible for early

termination of the remainder of his supervised release under 18 U.S.C. § 3583(e). The Court acknowledges that Mr. Silas has complied with his conditions of supervised release. However, Mr. Silas does not provide any reason why early termination of his supervised release would serve the interests of justice.

Mere compliance with the terms of supervised release does not justify early termination because compliance is expected. Without more, and based on the facts of this particular case, early termination cannot be justified. While Mr. Silas has made progress on completing the terms of his sentence, he has not made substantial progress such that the interests of justice support early termination. Therefore, this Court denies without prejudice Mr. Silas's motion for early termination of supervised release (Dkt. No. 323).

It is so ordered this 19th day of May, 2025.

*Kristine G. Baker*
Kristine G. Baker
Chief United States District Judge